IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| TINA MARIE HALL, | ) |  |
| --- | --- | --- |
| Plaintiff, | ) ) ) |  |
| v. | ) ) | Case No. CIV-18-539-D |
| BANCFIRST, | ) ) ) |  |
| Defendant. | ) |  |

# ORDER

Plaintiff brings the present action against Defendant for conduct she alleges constitutes "conspiracy to commit bank fraud." Compl. at 1.[1] As stated more fully below, the Court—conducting its own independent review—finds the Complaint fails to allege any facts that would vest this Court with subject matter jurisdiction.[2] Therefore, the Complaint is dismissed without prejudice to refiling.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "[F]ederal subject matter jurisdiction is

---

[1] Because Plaintiff appears pro se, the Court liberally construes her submissions, but will not act as her advocate in constructing her arguments and searching the record. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[2] "[D]istrict courts have an independent obligation to address their own subject-matter jurisdiction and can dismiss actions sua sponte for a lack of subject-matter jurisdiction." *City of Albuquerque v. Soto Enterprises, Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017) (citations omitted).

elemental," and "must be established in every cause under review in the federal courts." *Safe Streets Alliance v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017) (quoting *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015)). The burden of establishing such jurisdiction is on the party asserting it. *See id*. Here, the burden is on Plaintiff and she has failed to meet that burden.

The Court has read Plaintiff's Complaint and there is no basis for either federal question jurisdiction or diversity jurisdiction.[3] Under the heading, "conspiracy to commit bank fraud"—which is a federal crime[4]—Plaintiff states that she previously opened an account with Defendant, but later discovered another account had been opened with her name with a different address. Plaintiff does not allege the existence of any statute that vests the Court with federal question jurisdiction, nor does she allege Defendant's citizenship and requisite amount of damages as to support the exercise of diversity jurisdiction. Therefore, the Court

---

[3] Federal question jurisdiction exists where the case arises under the Constitution, laws, or treatises of the United States. *See* 28 U.S.C. § 1331. Diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

[4] *See* 18 U.S.C. § 1349. To this end, courts have held 18 U.S.C. § 1344, which criminalizes bank fraud, does not provide a private cause of action. *See, e.g., Adana Investing, Inc. v. Wells Fargo Bank, N.A.*, No. 1:16-cv-21562, 2017 WL 3668553, at *12 (S.D. Fla. Apr. 10, 2017) (collecting cases). *See also Grant v. Alperovich*, 993 F. Supp. 2d 1356, 1366 (W.D. Wash. 2014) (noting that § 1349 does not provide a private cause of action).

must dismiss the Complaint, without prejudice to Plaintiff's right to file an amended complaint.

Accordingly, Plaintiff's Complaint [Doc. No. 1] is **DISMISSED WITHOUT PREJUDICE** as set forth herein.

**IT IS SO ORDERED** this 15th day of June 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE